# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHERRY HOLSTINE,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-105**    (Cir. Ct. of Boone Cnty. Case No. CC-03-2023-C-92)

**SUZANNE HUGHES,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry Holstine appeals the Circuit Court of Boone County's February 22, 2024, final order granting Respondent Suzanne Hughes' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Ms. Hughes filed a response.[1] Ms. Holstine did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 18, 2021, Mitchell Hughes, the grandson of Ms. Hughes, obtained a shotgun from Ms. Hughes' residence and used it to shoot and kill Ms. Holstine's friend in front of Ms. Holstine. Immediately thereafter, Mitchell Hughes chased and struck Ms. Holstine, brought her to the ground, and put the shotgun to her face. He then fled the scene without causing further physical harm to Ms. Holstine.

On October 17, 2023, Ms. Holstine filed a complaint in the Circuit Court of Boone County alleging that Ms. Hughes failed to take reasonable steps to prevent Mitchell Hughes from obtaining the shotgun he used to cause physical and mental harm to Ms. Holstine. On February 22, 2024, the circuit court granted Ms. Hughes' Rule 12(b)(6) motion to dismiss, finding that the Ms. Hughes owed no duty to protect Ms. Holstine from the criminal acts of Mitchell Hughes and that his intervening criminal acts broke the chain of causation. Ms. Holstine now appeals the order dismissing her complaint.

---

[1] Ms. Holstine is represented by Kevin P. Davis, Esq. Ms. Hughes is represented by David A. Mohler, Esq.

1

Our review of a circuit court's order granting the Rule 12(b)(6) motion to dismiss is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

Ms. Holstine asserts in her only assignment of error that her negligence allegations meet the notice pleading requirements provided by the West Virginia Rules of Civil Procedure. Ms. Holstine's complaint alleges that Ms. Hughes owed a duty to store her shotgun in such a way to prevent her grandson, who has a known criminal history and mental health issues, from using it to cause the injury to Ms. Holstine. Ms. Holstine alleges in the alternative that Ms. Hughes negligently entrusted the gun to her grandson knowing that he might use it to cause harm to third parties like Ms. Holstine. Ms. Hughes argues on appeal that dismissal was proper because: (1) Ms. Holstine's allegations failed to establish that Ms. Hughes owed a threshold duty to protect Ms. Holstine from the criminal acts committed by her grandson; (2) the intervening criminal acts of Mitchell Hughes were the proximate cause of Ms. Holstine's alleged injuries; and (3) Ms. Holstine's allegations fail to support her conclusory statement that Ms. Hughes negligently entrusted the shotgun to her grandson. We agree with Ms. Hughes.

"[T]he determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syl. Pt. 5, in part, *Aikens v. Debow*, 208 W. Va. 486, 488, 541 S.E.2d 576, 578 (2000). Generally, a person does not have a duty to protect others from the deliberate criminal conduct of third parties. *Miller v. Whitworth*, 193 W. Va. 262, 266, 455 S.E.2d 821, 825 (1995) (internal quotations, citations, and alterations omitted). However, such a duty may exist when there is a special relationship giving rise to a duty to protect another person from intentional misconduct or when the person's affirmative actions or omissions have exposed another to a foreseeable high risk of harm from the intentional conduct. *Id*. Ms. Holstine failed to allege any facts supporting a special relationship giving rise to a legally recognized duty. Ms. Holstine only alleges that Ms. Hughes was Mitchell Hughes' grandmother and that her grandson "came to [her] house from time to time to borrow money." She does not allege that Mitchell Hughes ever had access to Ms. Hughes' firearms or any other circumstances that might indicate a special relationship, such as a guardianship role over Mitchell Hughes or a landlord-tenant relationship with her grandson. In addition, Ms. Holstine does not allege any affirmative acts or omissions of Ms. Hughes which exposed others to a foreseeable high risk of harm. We find that, under the facts alleged, Ms. Hughes did not owe a duty to Ms. Holstine in these circumstances.[2]

---

[2] We also agree with the circuit court that the intervening criminal conduct of Mitchell Hughes broke the causational chain between Ms. Hughes' alleged acts or omissions and the alleged harm suffered by Ms. Holstine.

2

Ms. Holstine's allegations regarding her negligent entrustment claim are also insufficient to survive a Rule 12(b)(6) motion. She failed to allege the key threshold element of her negligent entrustment claim: that the shotgun was entrusted to Mitchell Hughes. Ms. Holstine alleged that Mitchell Hughes "procured a negligently stored gun," but alleged no facts to support her conclusory statement that Ms. Hughes negligently entrusted the shotgun to her grandson. We therefore find that Ms. Holstine does not sufficiently plead a cause of action for negligent entrustment. [3]

Accordingly, we affirm the February 22, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

**DISSENTING:**

Chief Judge Thomas E. Scarr

SCARR, C.J., dissenting:

I respectfully dissent from the majority's decision to affirm the Circuit Court of Boone County's February 22, 2024, order granting Ms. Hughes' 12(b)(6) motion to dismiss. The circuit court dismissed Ms. Holstine's complaint because it failed to allege facts sufficient to support a negligence action. That ruling was erroneous given the liberal notice pleading standard contemplated by our rules of civil procedure, and repeatedly affirmed by the Supreme Court of Appeals of West Virginia, as recently as last month. *See Monongalia Cnty. Comm'n v. Stewart*, No. 22-765, 2024 WL 4784676, at *11 (W. Va. Nov. 14, 2024) ("West Virginia courts generally apply a notice pleading paradigm and read complaints liberally when testing them alongside the requirements of Rule 8 of the West Virginia Rules of Civil Procedure to ensure that a circuit court or opposing party can understand the character and validity of the claim alleged.").

---

[3] We note that Ms. Holstine has not cited any law establishing that West Virginia recognizes a separate "negligent entrustment" claim for firearms.

Ms. Holstine alleges in her complaint that Ms. Hughes failed to safely store a gun and keep it from her grandson, who has a known criminal history and mental health issues, who used the gun resulting in the injuries to Ms. Holstine. The circuit court dismissed the case prior to discovery, finding that Ms. Holstine could not prove a prima facie case of negligence on the facts alleged in her complaint. However, the issue before the circuit court was the sufficiency of the allegations in the complaint, not whether Ms. Holstine has proven all the elements of her negligence claim. A party is not required to establish a prima facie case at the pleading stage. *See Mountaineer Fire & Rescue Equipment, LLC v. City National Bank of West Virginia*, 244 W. Va. 508, 522, 854 S.E.2d 870, 884 (2020) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) ("[g]iven that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard[.]")

This case was decided on a 12(b)(6) motion to dismiss prior to discovery. There is no guarantee that Ms. Holstine would prevail on a motion for summary judgment or at trial, but it was premature to dismiss at this stage of litigation. "When a Rule 12(b)(6) motion is made, the pleading party has no burden of proof. Rather, the burden is upon the moving party to prove that no legally cognizable claim for relief exists." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, *id.* at 520, 854 S.E.2d at 882. In this case, Ms. Hughes failed to meet that burden and the motion to dismiss should have been denied. Accordingly, I dissent from the Memorandum Decision affirming the circuit court's decision granting the motion to dismiss.

4